IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ALEXANDRA OSSON, *individually and on behalf of* ALEXANDER OSSON, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 7:25-CV-00057 (WLS) |
| SPARKS POLICE DEPARTMENT and OFFICER ACEVEDO, Badge #803, | : : : : | |
| Defendants. | : : | |

## ORDER

Defendants have filed a Motion to Dismiss (Doc. 2) and a Motion to Stay Discovery (Doc. 4). Although Plaintiff originally filed the lawsuit in Cook County Superior Court, Defendants removed the action to this Court on May 1, 2025. This Order serves two purposes: (1) to notify Plaintiff (who is proceeding *pro se*) of the Motion to Dismiss and its potential consequences, and (2) to grant Defendants' Motion to Stay.

**I.   MOTION TO DISMISS NOTICE**

When a plaintiff proceeds pro se, the Court typically notifies that plaintiff when a motion to dismiss has been filed so that the plaintiff may respond to the motion informed of the potential consequences of that motion. The Court thus provides the following information:

When considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

1

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit an argument to this Court by filing a brief in opposition to Defendants' Motion to Dismiss. Unless the Court has provided permission to file otherwise, any brief must be no longer than **20 pages**. M.D. Ga. L.R. 7.4. **The Court's resolution of a motion to dismiss could result in granting judgment against the non-moving party, and there would be no trial or further proceedings.** So Plaintiff may timely file a brief in response to Defendants' Motion to Dismiss no later than **Thursday, May 29, 2025**. Plaintiff is so noticed.

II. **MOTION TO STAY**

Defendants move to stay discovery pending the resolution of their Motion to Dismiss (Doc. 2). A district court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). To prevail on a motion to stay, the moving party must show good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). When the moving party asks for a stay during the pendency of a dispositive motion, the Court must balance "the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652.

Having conducted a preliminary review of the Motion to Dismiss, the Court concludes there is a reasonable probability it will be granted. As a result, efficiency may be improved, and costs may be reduced for all parties, by a brief stay of discovery pending the resolution of the Motion to Dismiss with little prejudice to Plaintiff. Hence the Motion to Stay Discovery (Doc. 4) is **GRANTED**. All discovery in the case is **STAYED** pending the Court's resolution of the Motion to Dismiss (Doc. 2).

**SO ORDERED**, this 8th day of May 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATESDISTRICT COURT**