## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| ALEXANDRA OSSON, *individually and on behalf of* ALEXANDER OSSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:25-CV-00057 (WLS) |
| | : | |
| SPARKS POLICE DEPARTMENT and OFFICER ACEVEDO, Badge #803, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Defendants move to dismiss Plaintiff's Complaint. (*See generally* Docs. 2 & 3). After review, the Motion is granted, in part, and denied, in part. Because Defendants raise new arguments in their Reply, those arguments are not properly before the Court. Still, the Court agrees with the properly-raised arguments that Sparks Police Department is not capable of being sued and Plaintiff lacks standing to sue on her brother's behalf. Hence Sparks Police Department is dismissed. And Plaintiff's claims on her brother's behalf are dismissed without prejudice. Even so, the Court grants Plaintiff leave to amend the Complaint to add her brother.

### I. PROCEDURAL BACKGROUND

Alexandra Osson sued Defendants in Cook County Superior Court in March 2025. (Doc. 1-1 at 1). Two months later, Defendants removed the case to this Court. (*See generally* Doc. 1). The next day, Defendants filed the instant Motion to Dismiss (Doc. 2) and a Motion to Stay Discovery (Doc. 4).

The Court granted the Motion to Stay (Doc. 7 at 1). In the same Order, the Court noticed the Plaintiff, who represents herself, about the potential consequences of the Motion to Dismiss and informed her of her right to respond. (Doc. 7 at 1–2). She timely did so.

1

(Doc. 8). And Defendant timely replied. (Doc. 9). The Motion to Dismiss is thus fully briefed and ripe.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a claim because a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court should not grant a Rule 12(b)(6) motion to dismiss unless a plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[I]f the factual allegations are not 'enough to raise a right to relief above the speculative level'" the Court should dismiss the complaint. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). In other words, the allegations "must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

This standard requires the Court to conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The Court "make[s] reasonable inferences in plaintiff's favor, but [need not] draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). Even though the Court accepts all allegations in a complaint as true, this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555).

Because Plaintiff is unrepresented, the Court construes the Complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not afford Plaintiff "special advantages not bestowed on other litigants," nor does it excuse her from obeying all local and procedural rules, including those governing pleadings. *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). The Court will not be Plaintiff's lawyer. *See Jarzynka v. St. Thomas Univ. of L.*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). Nor will the Court rewrite or "fill in the blanks" of a defective pleading. *See Brinson v. Colon*,

No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), *report and recommendation adopted*, No. CV411-254, 2012 WL 1255255 (S.D. Ga. Apr. 13, 2012).

## III. THE ALLEGATIONS

In March 2025, Alexandra Osson was driving with her younger brother, Alexander. (Doc. 1-1 ¶ 7). Her emotional support dog was in the back seat. (*Id.*) The Ossons were "lawfully operating" their car. (*Id.*) Yet Officer Acevedo, a Sparks Police Department officer, pulled the two over, alleging they were speeding. (*Id.* ¶ 4, 8). Once Acevedo pulled the Ossons over, he cited them. (*Id.* ¶ 9).

But after he did, he "claimed he smelled marijuana." (Doc. 1-1 ¶ 9). So Acevedo asked the Ossons to exit the car. (*Id.*) Acevedo handcuffed Alexandra and detained her in his patrol car "without [placing] her under arrest or inform[ing] her of her rights." (*Id.*) Acevedo then searched the car, where he discovered "an empty jar that once stored marijuana (containing only residue), and a grinder with an amount far less than one gram." (*Id.* ¶ 11).

Acevedo arrested Alexander for marijuana possession. (Doc. 1-1 ¶ 12). After Alexander's arrest, Alexandra paid a $2,000 bond for her brother's release. (*Id.* ¶ 14). But Acevedo delayed the release by "faili[ng] to promptly deliver paperwork." (*Id.*) Acevedo also left Alexandra's dog unattended in the car. (*Id.* ¶ 16).

## IV. LAW AND ANALYSIS

### A. Improperly-Raised Arguments

As an initial matter, the Court declines to consider arguments raised for the first time in Defendants' Reply. The initial Motion asserts several arguments for dismissal. (Doc. 2 at 4–9). These arguments challenge the pleading generally, as well as making specific arguments against some of the alleged claims. (*Id.*) The arguments raised in the initial Motion are properly raised.

But the new arguments in the Reply are not. Arguments asserted for the first time in a reply are not properly raised and the Court is not required to consider them. *See, e.g., Tindall v. H & S Homes, LLC*, No. 5:10-CV-044, 2011 WL 5007827, at *2 (M.D. Ga. Oct. 20, 2011) (citing *Hill v. Oil Dri Corp. of Ga.*, 198 F. App'x 852, 856 (11th Cir. 2006)). Still, Defendants' Reply, which is longer than their initial brief, raises new issues. (*See* Doc. 9 at 3–11). Defendants assert official and qualified immunity for the first time, and raise additional arguments against

Plaintiff's state-law claims. (*See id.*) The initial brief does not mention these issues, even in passing. (*See* Doc. 3 at 1–11).

Of course, the non-moving party's response may raise new issues to which the moving party may respond. *See, e.g.*, *Martin v. Berryhill*, No. 1:16-CV-79, 2019 WL 13245747, at *3 n.2 (M.D. Ga. Nov. 5, 2019). In this vein, Defendants justify the new arguments by claiming confusion about what Plaintiff alleges. (Doc. 3 at 5); (Doc. 9 at 2). Confusion that was supposedly alleviated by Plaintiff's Response. (*See* Doc. 9 at 2). But a fair reading of the Complaint reveals that the potential for the new defenses was apparent when Defendants filed their first brief.

By illustration, the main heading of the Complaint reads "Civil Complaint for Police Misconduct, Unlawful Search and Seizure, False Arrest, and Emotional Distress." (Doc. 1-1 at 1) (emphasis omitted). Naturally, the unlawful search and seizure claim arises under 42 U.S.C. § 1983 for a violation of a federally guaranteed right (the Fourth Amendment) by a state actor (a Georgia police officer). Indeed, Defendants justified their removal based on Plaintiff's § 1983 claim. (*See* Doc. 1 at 2). So when Defendants filed the Motion to Dismiss, they knew that Plaintiff alleged a § 1983 claim and should have known that Acevedo could assert qualified immunity. *See, e.g.*, *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Nevertheless, Defendants claim surprise that Plaintiff cited § 1983 in her Response. (*See* Doc. 9 at 2). The Court is skeptical. And it is unpersuaded that this excuses Defendants' failure to raise qualified immunity in the first instance.

Similarly, the potential to raise official immunity was also apparent from the Complaint. "False Arrest" and "Emotional Distress" assert Georgia-state-law torts. (*See* Doc. 1-1 at 1–2). So when Defendants filed the initial brief, they should have known that official immunity was an available defense. *See Gilbert v. Richardson*, 452 S.E.2d 476, 482–83 (Ga. 1994). The Court is equally skeptical of Defendants' claimed surprise on this issue as well.

So the Court finds no reason to depart from the well-established rule that new arguments in a reply brief are improper. The new, expanded and more specific arguments in the Reply deprive Plaintiff of the opportunity to respond. To the Court's eye—whether intended or not—because Defendants choose to raise their defenses in their Reply they gain

an unfair strategic advantage over an unrepresented party. Consequently, the Court declines to consider the new arguments.[1]

### B. Properly-Raised Arguments

Turning to the properly-raised arguments, the Court construes the Motion as arguing that: (1) Sparks Police Department is not capable of being sued, (2) Plaintiff lacks standing to sue on her brother's behalf, (3) the Complaint is generally insufficient under federal pleading standards, (4) it fails to state a Fourth Amendment violation, (5) § 1983 is not a proper remedy for the alleged *Miranda* violations, and (6) the state-law claims fail for failure to provide an ante-litem notice. The Court addresses each in turn.

#### 1. Sparks Police Department

Defendants move to dismiss Sparks Police Department, contending it is not an entity capable of being sued. (Doc. 3 at 1). In this case, the capacity to be sued is evaluated under Georgia law. *See* Fed. R. Civ. P. 17(b). And under Georgia law, police departments are not legal entities capable of being sued. *Lovelace v. Dekalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (quoting *Dean v. Barber*, 951 F.2d 1210, 1314 (11th Cir. 1992)). Instead, they are "merely the vehicle through which [a municipality] fulfils its policing functions." *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984). Hence Plaintiff fails to state a claim against Sparks Police Department.[2]

#### 2. Standing

Defendants next argue that Plaintiff lacks standing to assert claims on her brother's behalf. (Doc. 3 at 8–9). The Court agrees.

A plaintiff typically lacks standing to assert claims on another's behalf unless they show (among other things) that the third party has some "hinderance" to protecting their own interests. *See Aaron Priv. Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1339 (11th Cir. 2019). A review of the Complaint reveals no allegation that Alexander cannot protect his own interests.

---

[1] To be clear, Defendants have not necessarily waived the defenses. But the Court will address them only if Defendants assert them properly and in accordance with the Rules.

[2] The Court makes no finding on the sufficiency of the allegations of municipal liability because that argument was first raised in the Reply.

(*See* Doc. 1-1 at 1–3). Hence, as alleged, Alexandra lacks standing to assert claims for her brother.

Still, Alexander's participation in the lawsuit reflects that he seeks to be a plaintiff in his own right. Originally, Alexandra brought the lawsuit by herself. (Doc. 1-1 at 1). Yet in a subsequent, state-court pleading, the Ossons attempt to clarify that "this lawsuit is filed by **both** Alexandra and **Alexander Osson** as named co-plaintiffs." (Doc. 1-11 at 1). After removal, Alexandra and Alexander both entered appearances on the docket, and each applied for electronic filing access. (Docs. 5 & 6). They also each signed the Response, as individually named plaintiffs. (Doc. 8 at 3).

Even absent a formal motion to amend (in state court or this one), the Ossons intend to assert their own claims as joint plaintiffs. Because the Ossons are not lawyers, the distinction between a claim asserted on another's behalf, and one filed on another's behalf, may have eluded them. But realizing the error, their subsequent actions, in state court and this one, show they each seek to proceed on their own behalf.

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* for represented plaintiffs, but deciding "nothing about a party proceeding pro se"). Although Alexandra's claims on her brother's behalf are not viable, an amendment to allow her brother to assert his own rights might state a claim. Therefore, the Court allows Plaintiff to amend.

### 3. Federal Pleading Standards

Defendants argue that the Complaint does not comply with Fed. R. Civ. P. 8(a) because it does not provide "fair notice . . . of the nature of the claim(s)." (Doc. 3 at 5). Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Yet this does not require a pleader to state "a precise legal theory." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Hence a court may not dismiss a complaint "for [an] imperfect statement of the legal theory supporting the claim asserted." *Fuerst v. Hous. Auth. of Atlanta*, 38 F.4th 860, 875 (11th Cir. 2022) (quoting *Johnson v. City of Shelby*, 574 U.S.

10, 11 (2014) (per curium)). A pleader must only state "simply, concisely, and directly events that they allege[], entitle[] them to damages." *Johnson*, 574 U.S. at 11.

The Complaint, particularly when construed liberally, is sufficient to comply with Rule 8(a). Plaintiff alleges that Acevedo, a police officer, unlawfully stopped her and her brother, searched their car, and they suffered damages as a result. (*See* Doc. 1-1 at 7–16). Indeed, Plaintiff even attempts to state a legal theory of "Police Misconduct, Unlawful Search and Seizure, False Arrest, and Emotional Distress." (*Id.* at 1) (emphasis omitted). Granted, Plaintiff first mentions § 1983 in her Response. (Doc. 8 at 3). But Rule 8(a) did not require her to reference the statute in the Complaint. *See Johnson*, 574 U.S. at 11 (holding that informing a government entity of the factual basis of a § 1983 claim was "more than enough to stave off dismissal"). Thus, the Complaint complies with Rule 8(a).

### 4. Fourth Amendment Violations

Defendants claim that Acevedo's stop was "well within [his] authority to conduct a traffic stop, a search, and an arrest." (Doc. 3 at 5–6). The Court construes Defendants as arguing that Plaintiff does not sufficiently allege a Fourth Amendment violation. (*See id.* at 6) (citing *Merricks v. Adiksson*, 785 F.3d 553, 580 n.3 (11th Cir. 2015) (Fourth Amendment case) and *United States v. White*, 593 F.3d 1199, 1204 (11th Cir. 2010) (same)).

"A traffic stop is a seizure within the meaning of the Fourth Amendment." *United States v. Campbell*, 26 F.4th 860, 880 (11th Cir. 2022) (en banc) (citing *Whren v. United States*, 517 U.S. 806, 809–10 (1996)). For this reason, a stop is constitutional only "if the officer ha[s] reasonable suspicion to believe that criminal activity has occurred, is occurring, or is about to occur." *Baxter v. Roberts*, 54 F.4th 1241, 1256 (11th Cir. 2022). Suspicion of even a "minor traffic violation[] qualif[ies] as criminal activity." *Campbell*, 26 F.4th at 880. So Defendant reasons that Acevedo had reasonable suspicion to stop Plaintiff for speeding.

But this misreads the Complaint. To be sure, Acevedo "stated the stop was due to alleged speeding." (Doc. 1-1 ¶ 2). But the key word is "alleged." The Complaint does not credit Acevedo's assessment as true. (*Id.*) Instead, Plaintiff alleges that she "was lawfully operating a vehicle[.]"(*Id.* ¶ 7). Hence Acevedo allegedly performed a traffic stop without reasonable suspicion. This states a Fourth Amendment violation.

Acevedo likewise allegedly searched the car without probable cause. The automobile exception allows police to search a car without a warrant if there is "probable cause . . . to believe it contains contraband." *United States v. Baldwin*, 774 F.3d 711, 720 (11th Cir. 2014) (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)). Acevedo justified his search of the car by "claim[ing] he smelled marijuana." (Doc. 1-1 ¶ 9). But again, the Complaint does not credit this explanation. (*Id.*) Hence Acevedo allegedly searched the car without a warrant and without probable cause. This too is enough to state a Fourth Amendment violation.[3]

*5*. Miranda *Violation*

Defendants argue that Plaintiff fails to sufficiently allege a § 1983 claim based on Acevedo's alleged failure to give her a *Miranda*[4] warning. (Doc. 3 at 6). The Court agrees. Even if Plaintiff was entitled to a *Miranda* warning, a *Miranda* violation does not give rise to a cognizable § 1983 claim. *See Jones v. Cannon*, 174 F.3d 1271, 1290–91 (11th Cir. 1999). This is so because *Miranda* "is merely a procedural safeguard, and not a substantive right." *Id.* So the proper remedy is exclusion of evidence obtained in violation of *Miranda. See United States v. Patane*, 542 U.S. 630, 642 (2004). Hence, to the extent Plaintiff asserts a § 1983 claim for a failure to give a *Miranda* warning, she fails to state a claim.

*6. Ante-Litem Notice*

Lastly, Defendants assert that Plaintiff's state-law claims fail for failure to provide an *ante litem* notice. (Doc. 3 at 7). Of course, the Court has already concluded that Plaintiff's claim against Sparks Police Department fails. So for it, the *ante litem* argument is moot. The remaining question is: Was Plaintiff was required to plead that she gave proper notice to Acevedo?

She was not. Georgia law requires a plaintiff suing a municipal corporation to provide written notice of the claim to the municipality within six months of the alleged conduct. *Tanner v. City of Gainesville*, 290 S.E.2d 541, 543–44 (Ga. Ct. App. 1982). But this notice is not required if plaintiff sues municipal employees individually. *Jacobs v. Littleton*, 525 S.E.2d 433, 436–37 (Ga. Ct. App. 1999). Hence Plaintiff's failure to sufficiently plead that she gave written notice

---

[3] Because the Court dismissed the claims brought on Alexander's behalf, it does not resolve if Plaintiff sufficiently alleges a Fourth Amendment violation for his arrest.

[4] *Miranda v. Arizona*, 384 U.S. 436, (1996).

to Acevedo makes no difference. Her state-law claims may therefore proceed to the extent asserted against Acevedo.

**V.  CONCLUSION**

To sum up, the Court declines to consider the arguments (e.g., immunity) raised for the first time in Defendants' Reply. For the properly-raised arguments, the Court agrees that Sparks Police Department cannot be sued, Plaintiff's § 1983 claim fails to the extent it relies on a *Miranda* violation, and she lacks standing to bring claims on her brother's behalf. But the Court concludes that Plaintiff complies with federal pleading standards, she has stated a § 1983 claim, and her state-law claims against Acevedo do not fail for lack of an *ante litem* notice.

Thus, Defendants' Motion to Dismiss (Doc. 2) is **GRANTED**, in part, and **DENIED**, in part. Sparks Police Department is **DISMISSED**, with prejudice. And Plaintiff's § 1983 claim, to the extent it relies on a *Miranda* violation, is **DISMISSED**, with prejudice.

The Court also **GRANTS** Plaintiff leave to amend the Complaint, if she wishes to. Even so, Plaintiff may amend only to add Alexander Osson as a Plaintiff representing himself. Any further amendment is not authorized, unless the Court gives leave upon timely written motion. Plaintiff's amendment shall be submitted no later than **Thursday, July 24, 2025**.

**SO ORDERED**, this 3rd day of July 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATESDISTRICT COURT**

9