## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| ALEXANDRA OSSON, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:25-CV-00057 (WLS) |
| OFFICER ACEVEDO, Badge #803, | : |
| Defendant. | : |

### ORDER

The Court recently granted in part and denied in part a Motion to Dismiss. (Doc. 10.) In that Order, the Court concluded that Plaintiff Alexandra Osson lacked standing to bring claims on her brother's behalf because she couldn't show any hinderance to his protecting his own interests. (*Id.* at 5.) Still, the Court granted leave to amend the Complaint to include Alexander. The deadline to do so was July 24, 2025. (*Id.* at 9.) That deadline has expired without an amendment.

Hence the Court **AMENDS** its previous Order to reflect that Defendants' Motion to Dismiss (Doc. 2) is **GRANTED**, in part, to the extent it argues that Ms. Osson's claims on her brother's behalf should be dismissed for lack of standing. So her claims on her brother's behalf are **DISMISSED** without prejudice. The Clerk is **DIRECTED** to terminate Alexander Osson as a Party to the action. Thus, Ms. Osson is the only remaining Plaintiff.

The Court has received Ms. Osson's proposed scheduling and discovery Order. In it, she "notifies the Court of her intent to represent her younger brother, co-Plaintiff Alexander Osson." For one thing, Ms. Osson isn't an attorney, so she may not represent other parties in this Court. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 576–82, (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). For another, Alexander is a party no longer. Hence Ms. Osson's request to represent her brother is denied.

1

**SO ORDERED**, this 8th day of July 2025.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATESDISTRICT COURT**
